UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCHELLE MATHESON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-492 |
| | ) |
| WINCO FIREWORKS INTERNATIONAL, LLC, MICHAEL COLLAR, and ANDREW SWICKARD, | ) ) ) ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff, Rochelle Matheson ("Matheson"), brings claims against Defendants, Wincoe Fireworks International, LLC ("Winco"), Michael Collar ("Collar"), and Andrew Swickward ("Swickward")(collectively "Defendants") as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), The Indiana Wage Claim Statute ("IWCS"), I.C. §22-2-5 et. seq., and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL"). Defendant violated the FLSA by failing to pay Matheson an overtime wage required by federal and state law. Matheson pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative. Matheson also alleges Defendants breached its contract with her.

## PARTIES

2. Matheson is an individual who, at all relevant times, worked in or near Indianapolis, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned,

1

Matheson was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Matheson was an employee as defined by I.C. §22-2-2-3.

3. Winco is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Matheson's work regularly involved commerce between states. Moreover, Winco is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Winco's business is located in Valparaiso, Indiana.

4. At all times hereinafter, Winco has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

5. Collar is the owner of Winco. In this capacity Collar is involved in the day-to-day operations of Winco. Collar has the authority to make decisions regarding wage and hour issues and establishes Winco's pay practices. At all relevant times, Collar has responsibility to act on behalf of, and in the interest of, Winco in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Matheson. As a result, Collar is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. Swickward managed facilities in Indiana on behalf of Winco. In this capacity Swickward is involved in the day-to-day operations of Winco in Indiana. Swickward has the authority to make decisions regarding wage and hour issues and establishes Winco's pay practices in Indiana. At all relevant times, Collar has responsibility to act on behalf of, and in the interest of, Winco in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Matheson. As a result, Collar is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

7. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Mathesons's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §1391 as all the events arose in Indianapolis, Indiana.

## FACTS

9. Matheson was hired by Defendants on or about January 8, 2018.

10. Matheson was paid on a salaried basis but paid around $30,000 per year. Her job title was Sales Support and she worked out of the warehouse. She was not paid commissions by Defendants.

11. Matheson was involved in putting together and distributing mailers, gathering leads for subsequent years, managed product receptions, reconciled credit card statements, managed and compiled time-cards so a third-party could process payroll, and, during peak season, filing orders and arranging for courier/shipping services.

12. Matheson did not manage any employees. Moreover, she had no authority to hire, fire, discipline, or direct employees. Matheson had a co-worker who did essentially the same things she did who was paid on an hourly basis.

13. Prior to May 2018, Matheson did not work overtime.

14. Beginning in May 2018, Matheson began working 10 or more hours per day, 7 days per week.

15. In June, Matheson worked even more hours. The first week of July was slightly worse than the last week in June up to and including a few days after the Fourth of July.

16. Matheson worked approximately 35 overtime hours per week in May; 40 hours overtime per week in June; and 40 plus hours of overtime for the first week in July, 2018.

17. Matheson worked similar hours during the same period in 2019.

18. Defendants never paid Matheson for any of the overtime hours she worked in 2018 or 2019.

19. Defendants agreed to pay Matheson a salaried-deferred bonus (in lieu of a raise) at the end of the 2019 season. Defendants did not pay Matheson this bonus. Defendants fired Matheson on or about July 12, 2019.

20. Matheson has suffered financial harm as a result of Defendant' conduct.

## **LEGAL COUNTS**

### **COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

21  Matheson incorporates paragraphs 1 – 20 herein.

22. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

23. Matheson was not paid at least time and one-half her regular rate for hours she worked in excess of forty (40) hours per week.

24. Matheson was harmed by Defendants' unlawful willful and/or reckless conduct. Moreover, Defendants' conduct intentionally or recklessly violated the mandates of the FLSA.

### **COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965**

25. Matheson incorporates paragraphs 1 – 24 herein.

26. Matheson pleads his Indiana minimum wage law claims in the alternative.

27. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Matheson at least one and half times her regular rate of pay for all hours she worked in excess of 40.

28. Defendants' conduct is willful, reckless, or indifferent to Matheson's rights. Matheson has been harmed as a result.

## COUNT III: VIOLATION OF THE INDIANA WAGE CLAIM STATUTE

29. Matheson incorporates paragraphs 1 – 28 herein.

30. Defendants' failed to pay deferred wages to Matheson as it promised to do.

31. Defendants violated the IWCS and withheld such payments to Matheson without a good faith or reasonable basis.

32. Matheson suffered harm as a result of Defendants' conduct.

## COUNT IV:  BREACH OF CONTRACT / EQUITABLE ESTOPPEL

33  Matheson incorporates paragraphs 1 – 32 herein.

34. Defendants' promised to pay Matheson a salary-deferred bonus at the end of the 2019 season.

35. Matheson fulfilled her commitment to earn the bonus and relied upon Defendants' promise to her detriment.

36. Defendants were unjustly enriched as a result of their misconduct.

37. Matheson suffered harm as a result of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

    a.    An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

    b.    An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law;

    c.    An Order awarding Plaintiff the costs of this action;

    d.    An Order awarding Plaintiff her attorney's fees;

    e.    A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum overtime wage requirements of the FLSA and Indiana law; and

    f.    An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC

450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff